IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALFRETTA ANTOINE,<br>    Individually, and on behalf of all others<br>    similarly situated,<br>        PLAINTIFFS,<br><br>v.<br><br>INTEGRAS CAPITAL RECOVERY, LLC, and<br>HARTFORD CASUALTY INSURANCE COMPANY<br>    DEFENDANTS | Case No. 3:19-cv-2543 |

## COMPLAINT AND JURY DEMAND

1. This class action lawsuit for damages arises out of the violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and Tex. Fin. Code § 392.001, et seq. by Integras Capital Recovery, LLC ("Defendant").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District and Plaintiff resides in this judicial district.

## PARTIES

5. Plaintiff, Alfretta Antoine ("Plaintiff"), is an adult individual residing in Kaufman County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant is a Texas limited liability company with its principal offices located at 10004 Wurzbach Rd., Suite 402, San Antonio, TX  78230.

7. Defendant can be served in Texas via its registered agent, Michael Adams, at 3201 Cherry Ridge, Suite B205, San Antonio, TX  78230.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6).

9. Defendant's website (www.integrascr.com) (last visited October 25, 2019) says the following:

> Integras Capital Recovery LLC is a specialty holding company based in San Antonio, Texas. The company is a RMA Receivables Management Association International Company focused on the acquisition of Distressed Financial Assets for Consumer, Real Estate, Crowd Lending, and Judgment portfolios for Texas. When an account is past due the lender may sell its rights to payment, Integras Capital Recovery LLC then purchases the right to payment and services the account.

10. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Defendant Hartford Casualty Insurance Company ("Hartford") is the surety company for the bond Defendant has on file with the Texas Secretary of State, bond number 34BSBGF1820.

13. Hartford is liable for acts committed by Defendant pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

14. Hartford is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

15. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, Plaintiff believes the debt allegedly owed was for the purchase of a personal automobile.

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. The Account allegedly went into default with the original creditor.

18. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Defendant for collection.

19. Plaintiff disputes the amount Defendant attempted to collect on the Account.

20. Plaintiff requests that Defendant cease all further communications regarding the Account.

21. On February 5, 2019, Defendant filed a lawsuit against Plaintiff on the Account in the Justice Court Precinct Two Kaufman County, Texas (*Integras Capital Recovery, LLC v. Alfretta Antoine*, Case No. CV-19-123*2) ("justice court lawsuit").

22. The Account underlying the justice court lawsuit filed by Defendant was allegedly defaulted during or before the month of August 2014.

23. The Texas statute of limitation applicable to the Account was 4 years.

24. The statute of limitation expired during or before the month of August 2018 – at least five months prior the date Defendant filed the justice court lawsuit.

25. Time-barred lawsuits against consumers are both deceptive under 15 U.S.C. § 1692e and unfair/unconscionable under 15 U.S.C. § 1692f. *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987).

26. The reason Defendant filed the justice court lawsuit was to attempt to collect the Account.

27. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

28. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agents of Defendant at all times mentioned herein.

29. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

30. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

31. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were sued by Defendant in an attempt to collect any purported debt of the person sued and where the debt in question was incurred primarily for personal, family or household purposes and

where the lawsuit filed against the person was filed after the expiration of the applicable limitation period for filing such lawsuits.

33. Excluded from the Class are Defendant, all other defendants named herein, the officers and directors of all defendants named herein, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any defendant has or had a controlling interest.

34. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Defendant.

35. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Defendant and Plaintiff has suffered substantially similar injuries as each member of the Class.

36. Plaintiff has retained counsel experienced and competent in class action litigation.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

38. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.     Defendant's violations of 15 U.S.C. § 1692, *et seq*. as alleged herein;

    b.     Defendant's violations of Tex. Fin. Code § 392.001, *et seq*. as alleged herein;

    c.     Defendant's conduct particular to the matters at issue was identical or substantially similar; and

    d.     The availability of statutory penalties.

**COUNT I:  VIOLATIONS OF 15 U.S.C. § 1692, et seq.
BY INTEGRAS CAPITAL RECOVERY, LLC**

39. The previous paragraphs are incorporated into this Count as if set forth in full.

40. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(10) and § 1692f.

41. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

**COUNT II:  VIOLATIONS OF TEX. FIN. CODE § 392.001, et seq.
BY INTEGRAS CAPITAL RECOVERY, LLC**

42. The previous paragraphs are incorporated into this Count as if set forth in full.

43. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(a)(8)&(19).

44. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against Defendant enjoining it from future violations of the Texas Finance Code as described herein.

45. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT III:  IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF INTEGRAS CAPITAL RECOVERY, LLC

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of Integras Capital Recovery, LLC and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(a)(8)&(19) are imputed to Hartford pursuant to Tex. Fin. Code § 392.102.

48. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

## JURY TRIAL DEMAND

49. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

50. Judgment in favor of Plaintiff and all members of the Class and against Integras Capital Recovery, LLC as follows:

    a. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    a. Actual damages pursuant to Tex. Fin. Code §392.403;

    b. Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

7

    b. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

    c. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403; and

    d. Such other and further relief as the Court deems just and proper.

51. Judgment in favor of Plaintiff and all members of the Class and against Hartford Casualty Insurance Company as follows:

    a. The amount awarded to Plaintiff and all other members of the class against Integras Capital Recovery, LLC pursuant to Tex. Fin. Code §392.001, *et seq.*, up to $10,000; and

    b. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
209 Hubbard Drive
Heath, TX  75032
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff